UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

EQUILIBRE BIOPHARMACEUTICALS
CORP.,

Debtor.

25 Civ. 5486 (DEH)

GREGORY M. MESSER, Solely in His
Capacity as Chapter 7 Trustee of Equilibre
Biopharmaceuticals Corp.,

Plaintiff,

v.

SAMUEL WAKSAL, et al.,

Defendants.

**MEMORANDUM**
**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is a Motion to Withdraw the Reference to the Bankruptcy Court, filed by

Defendants Samuel Waksal, Rui Wu, Graviton Bioscience Corporation, Graviton Bioscience

Holding Corporation, Graviton US Corp. (USA), Graviton Bioscience B.V., and Bihua Chen

(collectively, the "Moving Defendants").  *See* ECF No. 1 ("the Withdrawal Motion").  The

Withdrawal Motion is opposed by Plaintiff Gregory Messer (the "Trustee").  *See* ECF No. 14

("Pl.'s Opp'n").[1]  For the reasons given below, the Withdrawal Motion is **DENIED WITHOUT**

**PREJUDICE.**

---

[1] Defendants Francois Maisonrouge and Peter Simon (the "Non-Moving Defendants") take no
position on the motion.  *See* ECF No. 15.

**LEGAL STANDARD**

Withdrawal of the reference to a bankruptcy court is governed by section 157(d) of Title 28 of the United States Code, which provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  The Second Circuit has held that a district court should consider various factors when deciding whether such cause is shown, including "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law."  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("*Orion*").  "The initial inquiry in evaluating a request for permissive withdrawal is whether the claim is core or non-core, and after the court makes that determination 'it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'"  *In re G.M. Crocetti, Inc.*, No. 8 Civ. 6239, 2008 WL 4601278, at *2 (S.D.N.Y. Oct. 15, 2008) (quoting *In re Orion*, 4 F.3d at 1101).  "While the core/non-core inquiry is important, no one factor is dispositive."  *Id.* (citing *Nw. Airlines, Inc. v. City of Los Angeles*, 384 B.R. 51, 56 (S.D.N.Y. 2008)).  The moving party "bear[s] the burden of showing that permissive withdrawal of the reference is warranted."  *Nisselson v. Salim*, No. 12 Civ. 92, 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013).

**DISCUSSION**

The Moving Defendants contend that the reference should be withdrawn because: (1) the bankruptcy court lacks jurisdiction to adjudicate the state common law claims alleged against them, and (2) these claims are non-core claims. *See* Defs.' Mem. L. Supp. Withdrawal Mot. ("Defs.' Mem.") at 10-12, ECF No. 2.  They further argue that the *Orion* factors weigh in favor of withdrawal. *See id.* at 12-17.

2

The Moving Defendants make sound arguments on each of these points. But the Court ultimately declines to grant their motion. As an initial matter, a purported lack of jurisdiction is not necessarily a basis, by itself, to grant a motion to withdraw a bankruptcy reference, particularly if the bankruptcy court has not yet had an opportunity to consider the question in the first instance. *See In re Formica Corp.,* 305 B.R. 147, 151 (S.D.N.Y. 2004) (observing that "the bankruptcy court should decide in the first instance any motion to dismiss for lack of subject matter jurisdiction"); *In re Extended Stay, Inc.*, 466 B.R. 188, 201 (S.D.N.Y. 2011) (noting that "the bankruptcy court has jurisdiction to determine its own jurisdiction.") (internal quotation marks and citation omitted). Here, a motion to dismiss has been filed in the bankruptcy court, but it has not yet been decided. *See* Reply in Supp. of Withdrawal Mot. at 7, ECF No. 16 ("Moving Defs.' Reply"). It is appropriate to allow the bankruptcy to court to rule on that pending motion in the first instance.

Similarly, even if the claims at issue are non-core, that by itself does not necessarily warrant withdrawal of the reference. *See Enron Power Mktg., Inc. v. Va. Elec. (In re Enron Corp.)*, 318 B.R. 273 (S.D.N.Y. 2004). In *Enron*, the court observed that even if a claim is non-core, a district court may exercise its discretion to "not withdraw the reference of the case to the Bankruptcy Court until the case is trial-ready." *Id.* at 275. The court explained that, even if a claim is non-core and the movant has a right to a jury trial, the issue of withdrawal of a reference generally becomes ripe once the case is trial ready. *See id.* (citing *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y.1992)). Until that point, the bankruptcy court is generally "in a superior position to manage what are likely to be complex pretrial proceedings in th[e] case," such that "retaining the reference of th[e] case to the Bankruptcy Court until the case is trial-ready would further the interests of judicial economy . . . ." *Id.* at 275-76. *See also McHale v. Citibank, N.A.*, No. 9 Civ. 6064, 2009 WL 2599749, at *5 (Aug. 24, 2009) (holding that, even assuming that the proceeding is non-core in nature, this factor is not dispositive and that "a bankruptcy court can appropriately conduct pre-trial

3

proceedings in a non-core action even if the jury trial must ultimately be conducted by a district court").

Accordingly, the Withdrawal Motion is denied without prejudice.

## CONCLUSION

For the reasons stated above, the Withdrawal Motion is **DENIED WITHOUT PREJUDICE**. The Clerk of Court is respectfully directed to close ECF No. 1.

SO ORDERED.

Dated: January 12, 2026
New York, New York

DALE E. HO
United States District Judge

4